# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  M-20-94-P |
| RANDY LEW WILLIAMS, | ) ) ) | |
| Defendant. | ) | |

## MOTION TO EXTEND TIME TO OBTAIN AN INDICTMENT

Pursuant to LCrR12.1(f) and 18 U.S.C. § 3161(h)(7), the United States moves for an order extending the time to obtain an indictment under 18 U.S.C. § 3161(b) to the grand jury convening June 2, 2020, and for the Court to find the intervening days shall be computed as "excludable time" for the purposes of the Speedy Trial Act. The United States makes this request to account for the Court's cancellation of grand jury sessions in response to the COVID-19 pandemic.

### Facts

"On March 11, 2020, the World Health Organization officially declared the COVID-19 outbreak a pandemic, citing to more than 118,000 cases in 114 countries and 4,291 deaths." *In re: Court Operation Protocols Under the Exigent Circumstances Created by the COVID-19 Pandemic*, G.O. 20-5, at 1 (W.D. Okla. Mar. 13, 2020). "Although for many [COVID-19] appears to cause only mild symptoms, for others it can pose a risk of serious illness or death." *Id.* Because of the COVID-19 pandemic, federal, state, and local authorities have declared states of emergency. *See* Proclamation on

Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak, Executive Office of the President (Mar 13, 2020);[1] Exec. Order 2020-13, Office of the Governor of the State of Oklahoma (Apr. 8, 2020);[2] Revised Proclamation of State of Emergency, Office of the Mayor of Oklahoma City (Apr. 2, 2020).[3]

On March 17, this Court cancelled the grand jury sessions scheduled for March 17, 2020, April 7, 2020, and April 21, 2020 to "reduce the possibility of exposure of COVID-19 to grand jurors, Court staff, witnesses, and counsel." *In re Service of Process by the United States Marshals Service and Suspension of Grand Jury Sessions and Jury Trials*, G.O. 20-8 (W.D. Okla. Mar. 17, 2020). On April 3, 2020, this Court cancelled the grand jury sessions scheduled for May 5, 2020, and May 19, 2020. *In re Suspension of Grand Jury Sessions and Jury Trials in May 2020*, G.O. 20-10 (W.D. Okla. Apr. 3, 2020). Such actions were necessary given the spread of the virus. *Compare id.* (identifying 988 positive cases and 38 deaths due to COVID-19 as of April 3) *with* https://coronavirus.health.ok.gov/ (accessed Apr. 15, 2020) (identifying 2,263 positive cases and 123 deaths due to COVID-19 as of April 15).

The United States filed a criminal complaint charging Defendant with shipping firearms in foreign commerce without a license, shipping firearms in foreign commerce

---

[1] https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/.

[2] https://www.sos.ok.gov/documents/executive/1929.pdf.

[3] https://www.okc.gov/home/showdocument?id=16619.

without notifying carrier, illegal smuggling firearms from United States, and conspiracy to smuggling firearms from United States on March 3, 2020. Defendant was arrested on March 2, 2020.

## Discussion

The Speedy Trial Act provides that the government must obtain an indictment or file an information with 30 days of a defendant's arrest or service of a summons. 18 U.S.C. § 3161(b). The failure to obtain an indictment or file an information within that period requires dismissal of the complaint. *Id.* § 3162(a)(1).

The Speedy Trial Act, however, permits certain extensions of the time for obtaining an indictment. One exception allows for the exclusion of:

> [a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted the continuance on the basis of his findings on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). That exception requires "the court [to] set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." *Id.* While G.O. 20-10 makes the findings required by § 3161(h)(7)(A), it does not do so "in the record of the case." For that reason, the United States asks this Court to adopt the reasoning of G.O 20-10 as its reasons for granting an extension for obtaining an indictment in this case.

Pursuant to LCrR 12.1(f), the United States submits the following:

1. Defendant was arrested on March 2, 2020.

2. This Court previously granted an extension of time to obtain an indictment on March 12, 2020. (Doc. 17) (ordering the United States to bring an indictment by April 21, 2020, and finding that the intervening days "shall be computed as 'excludable time' for the purposes of the Speedy Trial Act).

3. On March 17, 2020, the Court cancelled grand jury sessions on March 17, 2020, April 7, 2020, and April 21, 2020 due to the COVID-19 pandemic.  (G.O. 20-8).

4. On April 3, 2020, the Court cancelled grand jury sessions on May 5, 2020, and May 19, 2020 due to the COVID-19 pandemic.  (G.O. 20-10).

5. The delay requested would be excludable under the Speedy Trial Act.

6. The United States is unable to obtain an indictment within the 30 days required by the Speedy Trial Act or the date required by the Court's Order (Doc. 17).  As this Court explained in G.O. 20-10, the cancellation of the grand jury session was necessary to protect the grand jurors, court personnel, attorneys, and witnesses who would all occupy a confined space required to maintain grand jury secrecy. In light of the COVID-19 pandemic, "it is unreasonable to expect return and filing of the indictment within the period specified by section 3161(b)." *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

7. The United States has contacted Julia Summers counsel for Defendant, and she does not object to the extension.

8. This extension will have no impact on any other deadline because no other deadline is set.

9. The United States requests that this Court extend the time the United States has to obtain an indictment to the next available grand jury session currently scheduled to convene on June 2, 2020 (the date the next scheduled grand jury session that has not been cancelled by this Court).

## **Conclusion**

The United States respectfully requests this Court enter an order, pursuant to 18 U.S.C. § 3161(h)(7)(A)-(B), that extends the government's time to obtain an indictment to the next grand jury, convening June 2, 2020, and exclude the intervening time from Speedy Trial Act calculations in this case.

Respectfully submitted,

TIMOTHY J. DOWNING
United States Attorney


s\MATT DILLON
Assistant U.S. Attorney
Oklahoma Bar No.  19321
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8755 (Office)
(405) 553-8888 (Fax)
Matthew.Dillon@usdoj.gov

**Certificate of Service**

    I hereby certify that on April 17, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Julia Summers

s/MATT DILLON  
Assistant U.S. Attorney
