The District Court, Western District
for the United States of America

The United States
of America

Case No: M-20-94-P

Vs

Affidavit of Svc on Pg 7 Reverse

Rordy Lew Williams
Pro Se Petitioner

**FILED**

APR 27 2020

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Defendant's Motion for Reconsideration of Detention
18 U.S.C. 3142 (a)(1)(2)(b)(c) et al
17 U.S.C 3154

<u>PLEASE TAKE NOTICE</u>. The abouved named Defendant in <u>Case No: M-20-94-P</u>, hereby respectfully moves the Western District Court of Oklahoma as to commence a hearing as to the Detention of the Defendant with respect to USC Title 18 3142 and the Defendant's Specific Health Issues which make the Defendant "High-Risk" regarding COVID-19.

## Background

The Defendant resides in Oklahoma County Oklahoma and is 56 years of Age and was gainfully employed at the time of his arrest several months ago. The Defendant has no criminal history, is extremely active in the community and is engaged in healthy relationships and activities.

The Defendant expresses and demonstrates pro-

Page 2 3142
cont.-

Social relationships, is engaged, attends church and is involved in civic activities and events. The Defendant is also a sufferer of High Blood Pressure and Cardiac Issues - and is on the appropriate medications and High-Risk Protocol Drugs, Distributed By the Logan County Detention Center's "Turn-Key" Medical.

The L.C.S.O. [Logan County Sheriff's Office] has taken "Preventive Steps" to alleviate transmission of COVID-19 to Detainees, however, continually "Book/Detain" Offenders for even minor offenses. Daily. The Defendant's, however, assertion that More could and should be Done, is expressed.

The Defendant's specific medical needs and COVID-19 are not the Keystone to this Motion's "Fruits", however the Defendant is "High Risk" and prays the Court will consider heavily this truth.

As of 4/23/20, the Defendant has not been indicted for his alleged "crimes" and has waived his right to a speedy trial. The Court detained the Defendant on the issue that he was a possible flight-risk, despite surrendering his passport, and expressing no prior indications of his not willing to abide by release in a pretrial Manner conditions.

Fact of Record when the Defendant returned to Chicago OHARE Airport and was Detained by DHS Dept. of Homeland Security and Interrogated as to an allegation that the Defendant sent back-

ages to Iraq, the Defendant had approximately $4,000 USD on his persons and his passport. The Defendant remained and has remained in Oklahoma ever since. The Defendant, even though interrogated, did not flee. The Defendant returned to the United States on or about 1/20/2019.

The Defendant was employed at the time of his departure and return to Iraq with Oakridge Village Apartments in Del City, OK. Mr Williams has a CFC license and works for Apartment and Building Complexes - mostly residential as a Maintenance Manager.

Pre-Trial Release Services have scored Mr. Williams as a 97% likelihood of returning to court dates and supported a $5,000 unsecured bond. The Defendant will demonstrate several factors and conditions in this motion as to why he is a perfect candidate for pretrial release pending trial.

## Factors For Consideration into Pretrial Release

First and foremost the Defendant wishes to express his most sincere desire to attend all court dates. The Defendant, as described at his last Detention Hearing, is not a danger or risk to society, and the only prong remained with the Magistrate was the Defendant being held because the Court felt he was a flight risk. This issue the Defendant wishes to address explicitly.

Page 5 3142

In S. Wind Woman's Cntr LLC v Stitt (W.D. Okla 2020) Case No. CIV-20-277-G The Honorable District Judge Goodwin ruled as to a "struggle for the courts between the proper use of...judicial power in reviewing laws and executive orders or actions taken in response to a public health emergency." The Court States pg 2 "There is no dispute that the State of Oklahoma - like governments across the globe is facing a health crisis in the COVID-19 Pandemic..." And The Defendant herein, asserts the aforementioned is a Compelling Reason Sufficient under 3142(i). as is the earlier Mentioned In Re Abbot citation.

Pursuant to USC Title 18, Sec 3154, Pretrial services obtained all relevant information as to consider and recommend pretrial release of the Defendant under §154(1);(2) and made a recommendation, the previous court heard, that the Defendant was an excellent candidate (97% probability the defendant would return to court) for Pretrial Release - not considering any underlying Medical Condition Making the Defendant High Risk for Death.

The Defendant's Proposed Pretrial Release Conditions - demonstrate a combination of factors ensuring the Defendant's presence at trial - as we will now discuss.

The Defendant's twin sister, Cynthia Meek, of Norman Oklahoma, is Married and has no Criminal history, living in a healthy conducive environment [Cynthia Meek 405-305-5052]

Page 6 3-4-2

has been in contact with Pretrial Services and informed Defense Counsel of her desire to have her Twin Brother Defendant, reside with her during this criminal case. The Defendant also desires to use GPS, Ankle Monitoring to further Demonstrate "A combination of factors" ensuring his presence at trial.

The Defendant is also the parent of a disabled child of adult age, but the adult child is diagnosed with "Down Syndrome" and needs and receives constant care. Up until the Date of the Defendant's Arrest, the Defendant was up to date on his $192.00 per fortnight child support payments. The Defendant has always maintained his court ordered payments and is only behind as a result of his pretrial detention.

As far as employability, the Defendant is a licensed Professional and has a number of potential employers and Pretrial Services has been notified as such.

The Defendant's support system, family and community support is as such that the Defendant is virtually surrounded by loving, supportive family and has expressed as much via letters, calls and emails to the court, Pretrial Services and Defense Counsel.

Pursuant to the C.A.R.E.S Act, emergency conditions with respect to COVID-19 have Materially Affected and will affect the functioning of Federal Courts. These trying times in our judicial and criminal justice systems are established to prevent misjustices and carry out the spirit of the law which transcends COVID-19, however, the Defendant is experiencing a true hardship, having a high-risk condition which if exposed could ultimately kill

Page 7  3/42

the Defendant, a disabled child needing monetary and emotional/physical support from his father and being denied bail - are reasons as to this Motion's creation and prayer of pretrial release.

The Defendant vows and promises to the court to attend all court dates. The Defendant vows and promises to maintain employment, refrain from any activity the court deems inappropriate ex. (alcohol use), use and pay for GPS and ankle monitoring and abide by any condition the court orders.

<u>Prays for Pretrial Release</u>

The Defendant in short, prays for pretrial release, is able to pay secured bond in the Amount of $5,000, will wear Ankle Monitoring and pay any expense required by Pretrial Release Candidates. The Defendant will report, contact Pretrial Services as required. The Defendant will submit any sample of Body Fluids or Tissues for Purposes of DNA or intoxicants as requested - and pay for those costs.

The Defendant prays to work, support his family, abide by home confinement orders and maintain social distancing, and will abide by the Court's orders.

Respectfully Submitted

Randy Williams
Pro Se

See: US v Bradley SDNY 2020
19 CR. 632 GBD

and continued Mass releases of Ice Immigrants in Federal custody

# AFFADAVIT OF SERVICE

On 4-22-20, I Randy Williams placed this Motion into the hands of Deputies employed at LCSO in Guthrie OK, addressed to the Clerk of Courts and the ~~State~~ Attorney (US Attorney) address and have been denied a Notary Service due to COVID-19, and say so under the penalty of perjury.

Randy Lee Williams
Pro Se Defendant